Babak Hashemi, Esq. (State Bar No. 263494)
**LAW OFFICES OF BABAK HASHEMI, ESQ**
20062 SW Birch Street, Ste. 200
Newport Beach, CA 92660
Office: (949) 464-8529
BabakHashemiLaw@gmail.com

Attorneys for Plaintiff:  JAMES RUTHERFORD

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br><br>BRINKER RESTAURANT CORPORATION, a Virginia corporation; GALE ANN LINGLE, as Co-Trustee of the Jonah Jones Jr. Trust u/d/t 06/01/76 and Trustee of The Richards/Dickinson 1986 Trust u/d/t 02/17/87; DAVID E. COHEE, as Co-Trustee of the Jonah Jones Jr. Trust u/d/t 06/01/76; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | **Case  No**.<br><br>**Complaint For Damages And Injunctive Relief For:**<br><br>1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325)**<br><br>2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq*.** |

　　　Plaintiff, JAMES RUTHERFORD ("Plaintiff"), complains of Defendants BRINKER RESTAURANT CORPORATION, a Virginia corporation; GALE ANN LINGLE, as Co-Trustee of the Jonah Jones Jr. Trust u/d/t 06/01/76 and Trustee of The Richards/Dickinson 1986 Trust u/d/t 02/17/87; DAVID E. COHEE, as Co-Trustee of the Jonah Jones Jr. Trust u/d/t 06/01/76; and DOES 1-10 ("Defendants")

and alleges as follows:

## PARTIES:

1.      Plaintiff is an adult California resident.   Plaintiff's musculoskeletal and neurological systems are impaired such that Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting, in addition to twisting, turning, and grasping objects. As a result of these disabilities, Plaintiff relies upon manually powered mobility aids, including a cane, Rollator walker and a wheelchair, to ambulate.   Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act, 42 U.S.C. §12102(2) as amended by the ADA Amendments Act of 2008 (P.L. 110-325) ("ADA") and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.   At the time of Plaintiff's visits to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph.   Plaintiff is also the holder of a Disabled Person Parking Placard.

2.      Plaintiff is informed and believes, and based thereon alleges, Defendant GALE ANN LINGLE, as Co-Trustee of the Jonah Jones Jr. Trust u/d/t 06/01/76 and Trustee of The Richards/Dickinson 1986 Trust u/d/t 02/17/87 owned the property located at 475 E Hospitality Ln., San Bernardino, Ca 92408 ("Subject Property") where Chili's Grill & Bar San Bernardino #64 is located, on November 24, 2018 and continues to do so currently.

3.      Plaintiff is informed and believes, and based thereon alleges, Defendant DAVID E. COHEE, as Co-Trustee of the Jonah Jones Jr. Trust u/d/t 06/01/76 owned the property located at 475 E Hospitality Ln., San Bernardino, Ca 92408 ("Property") where Chili's Grill & Bar San Bernardino #64 is located, on November 24, 2018 and continues to do so currently.

4.      Plaintiff is informed and believes, and based thereon alleges, Defendant BRINKER RESTAURANT CORPORATION, owned, operated and/or controlled

the business knowns as Chili's Grill & Bar San Bernardino #64 ("Business") on November 24, 2018 and continues to do so currently.

5.     Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the Property and Business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants.  Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief.  Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

7.     This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's UCRA claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

8.     Venue is proper in this court pursuant to 28 U.S.C. §1391 because the Property which is the subject of this action is located in this district and because Plaintiff's causes of action arose in this district.

## FACTUAL ALLEGATIONS

9.     On or about November 24, 2018 and again on June 15, 2019 Plaintiff visited the Business located on the Property for the dual purpose of purchasing menu items and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning federal and state law.[1]

---

[1] Plaintiff Rutherford is a tester in this litigation and a consumer who wishes to access Defendants' goods and services.

10.    The Business, including the Property, is a facility open to the public, a place of public accommodation, and a business establishment.

11.    Parking spaces are some of the facilities, privileges and advantages reserved by Defendants to persons patronizing the Business and Property.

12.    Unfortunately, although parking spaces were some of the facilities reserved for patrons, there were barriers for persons with disabilities that cause the identified facilities to fail as to compliance with the Americans with Disability Act Accessibility Guidelines ("ADAAG") on or around November 24, 2018, or at any time thereafter up to and including, the date of the filing of this complaint.

13.    The Subject Property and Business lack architectural barrier free facilities for patrons with disabilities, causing Plaintiff to encounter the following barriers at the Business and Subject Property: (1) the curb ramps located at the accessible parking space access aisles serving the main entrance of the Business, project into the access aisles in violation of Section 406.5[2]; and (2) because of the presence and location of the alleged ramps, Defendants also violated section 302 which requires parking spaces and access aisles serving them to be at the same level as the parking spaces they serve (changes in level are not permitted).

14.    Subject to the reservation of rights to assert further violations of law after a site inspection found *infra*, Plaintiff asserts there are additional ADA violations which affect him personally.

15.    Plaintiff is informed and believes and thereon alleges that, currently, there are no compliant, accessible facilities designed, reserved and available to persons with disabilities at the Business in addition to that alleged, *supra*.

16.    Plaintiff is informed and believes and thereon alleges that Defendants had no policy or plan in place to ensure that compliant accessible parking and other compliant facilities, as alleged above, were available and maintained for persons with disabilities prior to November 24, 2018.

---

[2] This Section requires that curb ramps and the flared sides of curb ramps shall be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles

17.    Plaintiff is informed and believes and thereon alleges Defendants have no policy or plan in place to ensure maintenance of compliant accessible parking and other compliant facilities, as alleged herein, are available and maintained for persons with disabilities and remain compliant on an ongoing basis.

18.    Plaintiff personally encountered the alleged barriers at the Business and Property.   The presence of these barriers related to Plaintiff's disability denied Plaintiff his right to enjoy accessible conditions at public place of accommodation and invades legally cognizable interests created under the ADA.

19.    The conditions identified *supra,* in paragraph 13 are necessarily related to Plaintiff's legally recognized disability in that Plaintiff is substantially limited in the major life activities of walking, standing, ambulating, and sitting; Plaintiff is the holder of a disabled parking placard and utilizes accessible parking; and because the enumerated conditions relate to the use of the accessible parking, relate to the slope and condition of the accessible parking and accessible path, and relate to the safety of the accessible path to the accessible entrance.   Plaintiff encountered each condition and experienced unnecessary difficulty and/or risk in doing so.

20.    As an individual with a mobility disability who at times is dependent upon various mobility devices, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

21.    Plaintiff's ability to fully and equally enjoy the Property was interfered with as a result of Defendants' non-compliance with the ADA.

22.    Plaintiff also travels frequently with his disabled fiancé, a quadriplegic who requires a wheelchair to ambulate.  When she travels via automobile she utilizes a van with a wheelchair ramp and requires van accessible parking.  When they travel together, Plaintiff drives the wheelchair accessible van[3].

23.     Plaintiff and his fiancé frequently travel together and visit public

---

[3] During the June 15, 2019 visit, Plaintiff was accompanied by his disabled fiancé.

accommodations as a couple.  Here, the inaccessible conditions at the Business and Property prevent Plaintiff from accessing the Business and Property with his fiancé because of his association with her due to her disability.

24.    Plaintiff assists and accompanies his fiancé when they travel together in her wheelchair accessible van, including driving the van, and experiences frustration, emotional distress, physical exhaustion, and discrimination when forced to assist her to navigate and/or overcome physical access barriers.  These injuries are specific to Plaintiff's independent right to access the Business and Property with his fiancé. The physical access barriers at the Business and Property deny Plaintiff his independent right to full and equal access to the Business and Property because of his association with his fiancé, a person with a mobility disability.

25.    Upon being informed that this public place of accommodation has become fully and equally accessible, he will return within 45 days as a *"tester"* for the purpose of confirming its accessibility.[4]

26.    Until such time, Plaintiff is being deterred from patronizing the Business.

27.    As a result of his difficulty, humiliation, and frustration because of the inaccessible condition of the facilities of the Business, Plaintiff did not fully access the Business or Property.  However, Plaintiff would also like to return to the location given its close proximity to an area he frequents from time to time.

28.    The Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

29.    The violations identified above are easily removed without much difficulty or expense.  They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove.  Moreover, Plaintiff is informed and believes there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

---

[4] *Civil Rights Educ. and Enforcement Center v. Hospitality Props. Trust*, 867 F.3d 1093, 1096 (9th Cir. 2017).

30.    Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that there are other violations and barriers in the site that relate to his disabilities.  Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection.  However, the Defendants are on notice that Plaintiff seeks to have all barriers related to their disabilities remedied.[5]

31.    Without injunctive relief, Plaintiff will continue to be unable to fully and equally enjoy access to Defendants' facilities in violation of Plaintiff's rights under the ADA.

## FIRST CLAIM FOR

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq*. as amended by the ADA Amendments Act of 2008 (P.L. 110-325)

32.    Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

33.    Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation.  See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a.    A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those

---

[5] See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b.    A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D".

    c.    A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

34.    The ADA also prohibits associational discrimination where any person is excluded or denied equal goods, goods, services, facilities, privileges, advantages, accommodations, or other opportunities because of the disability of an individual with whom they associate. 42 U.S.C. § 12182(b)(1)(E).

35.    Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2.0%) in all directions. 1991 Standards § 4.6.2. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards § 502.4. "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Specifically, built up curb ramps are not permitted to project into access aisles and parking spaces. Id. No more than a 1:48 slope is permitted. Standards § 502.4.

36.    Here, the failure to ensure that accessible facilities were available and ready

1    to be used by Plaintiff is a violation of law.

2    37.    A public accommodation must maintain in operable working condition those

3    features of its facilities and equipment that are required to be readily accessible to

4    and usable by persons with disabilities.  28 C.F.R. § 36.211(a).

5    38.    Given its location and options, Plaintiff will continue to desire to patronize

6    the Business but he has been and will continue to be discriminated against due to

7    lack of accessible facilities and, therefore, seek injunctive relief to remove the

8    barriers.

9    39.    Upon being informed that this public place of accommodation has become

10    fully and equally accessible, Plaintiff will return within 45 days as a *"tester"* for the

11    purpose of confirming its accessibility.

12    ## SECOND CLAIM FOR

13    ## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA

14    ## CIVIL CODE § 51 *et seq.*

15    40.    Plaintiff re-alleges and incorporates by reference all paragraphs alleged above

16    and each and every other paragraph in this Complaint necessary or helpful to state

17    this cause of action as though fully set forth herein.

18    41.    California Civil Code § 51 *et seq*. guarantees equal access for people with

19    disabilities to the accommodations, advantages, facilities, privileges, and services of

20    all business establishments of any kind whatsoever.  Defendants are systematically

21    violating the UCRA, Civil Code § 51 *et seq*.

22    42.    Because Defendants violate Plaintiff's rights under the ADA, they also

23    violated the Unruh Civil Rights Act and are liable for damages.  (Civ. Code § 51(f),

24    52(a).)   These violations are ongoing.

25    43.    Defendants' actions constitute discrimination against Plaintiff on the basis of

26    their individual disabilities, in violation of the UCRA, Civil Code § 51 *et seq*.

27    44.    Plaintiff is informed and believes and thereon alleges Defendants have been

28    previously put on actual notice that its premises are inaccessible to Plaintiff as above

9
COMPLAINT

alleged.  Despite this knowledge, Defendants maintain the Property and Business in an inaccessible form.

## **PRAYER**

**WHEREFORE, Plaintiff prays that this court award damages provide relief as follows:**

1.      A preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and Subject Property; **Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disable Persons Act at all.**

2.      An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code and $4,000 for each time he visits an establishment that contains architectural barriers that deny the Plaintiff of full and equal enjoyment of the premises (*Feezor v. Del Taco, Inc.* (2005) 431 F.Supp.2d 1088, 1091.)

3.      An additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016);

4.      For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California Civil Code § 52;

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully request a trial by jury on all appropriate issues raised in this Complaint.

Dated: July 29, 2019          **LAW OFFICES OF BABAK HASHEMI, ESQ.**


By: /s/ Babak Hashemi, Esq.
Babak Hashemi, Esq.
Attorneys for Plaintiff